IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:                                    )
**ROBERT J. STROPLE**,                    )
                                          )   Case No. B-0982267 C-13D
    Debtor.                               )   Chapter 13
                                          )
_____   )

## TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTIONS

NOW COMES Richard M. Hutson, II, Standing Trustee, and objects to the Debtor's claimed exemptions pursuant to Rule 4003 of the Federal Rules of Bankruptcy Procedure and shows unto the Court as follows:

1. On December 18, 2009, Robert Strople ("the Debtor") filed a Chapter 13 case in the Bankruptcy Court for the Middle District of North Carolina.

2. On December 18, 2009, Richard M. Hutson, II, was appointed Trustee and is duly acting in said capacity.

3. On Schedule "B", the Debtor lists ownership of a savings account valued at $9,953.73.

4. The Debtor is claiming an exemption in the savings account in Form 91-C pursuant to N.C.G.S. §1-362, which allows for an exemption in cash that (a) was earned from personal services; (b) was earned within 60 days preceding bankruptcy; and (c) is necessary for the support of the family. See In re Dutton, 2003 WL 1964192, Bankr. M.D.N.C. (2003).

5. There has been no evidence in this case regarding the source of the funds in the savings account and whether those funds were earned within 60 days of the petition date.

6. Furthermore, it does not appear that the $9,953.73 is necessary for the support of the family. The Debtor lists a gross monthly salary in Schedule I of $12,032.53 with only one dependent, a disabled brother who lives with him. The Debtor also lists approximately $3,000.00 in his checking account, which are funds that may be used for the support of his family. The Debtor appears to have the financial capacity to support himself and his brother from current earnings without resort to the additional funds in his savings account. Accordingly, the exemption is improper and should be disallowed.

WHEREFORE, the Trustee respectfully prays the Court for an Order sustaining the Trustee's objection and disallowing the claimed exemption on Form 91-C.

This the 9th day of February, 2010.

                                           s/Benjamin E. Lovell
                                           Benjamin E. Lovell
                                           Attorney for the Trustee
                                           State Bar No. 23266
                                           P.O. Box 3613
                                           Durham, N.C.  27702-3613

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing document upon John T. Orcutt, Esq., 6616-203 Six Forks Rd., Raleigh, Nc 27615, Robert J. Strople, 3809 Hillgrand Dr., Durham, NC 27705, and Michael D. West, Esq., U.S. Bankruptcy Administrator, PO Box 1828, Greensboro, NC 27402 by depositing a copy of same in the United States Mail, postage prepaid, and in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure.

This 9th day of Febraury, 2010.

                                           s/Benjamin E. Lovell
                                           Benjamin E. Lovell, Esq.
                                           Attorney for the Standing Trustee